**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Lynetta Luckett, individually and as a representative of a class of similarly situated persons, on behalf of the WINTRUST FINANCIAL CORP. RETIREMENT SAVINGS PLAN, <br><br> Plaintiff, <br><br> v. <br><br> Wintrust Financial Corp., et al., <br><br> Defendants. | Case No. 22-cv-03968 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this lawsuit under the Employee Retirement Income Security Act of 1974 (ERISA) against Wintrust Financial Corp. ("Wintrust") and certain individual defendants. She filed the lawsuit individually in her capacity as a participant of the Wintrust Financial Corp. Retirement Savings Plan ("Plan") and on behalf of the Plan and a class of similarly-situated participants and beneficiaries of the Plan. Plaintiff alleges that Defendants breached their fiduciary duties by imprudently retaining underperforming funds. Defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [34]. In addition, several amicus parties moved for leave to file amicus briefs. [42, 48]. For the reasons explained below, this Court grants Defendants' motion [34] and grants the motions for leave [42, 48].

1

I. **Background**

This Court accepts as true the following factual allegations from the operative complaint [18 "Am. Compl."]. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

Luckett, a Chicago resident, is a former employee of Wintrust and former participant in the Plan under 29 U.S.C. § 1002(7). [18] ¶ 9. During the Class Period, Luckett maintained an investment through the Plan in the BlackRock LifePath Index 2050 Fund and the JPMorgan U.S. Government Money Market Fund. *Id.* Defendant Wintrust is a public Illinois corporation headquartered in Rosemont, Illinois. *Id.* ¶ 10. Wintrust is a financial holding company that operates 15 chartered community banks in northern Illinois and southern Wisconsin. *Id.* Does No. 1-10 are members of Wintrust's Board who were/are fiduciaries of the Plan under ERISA pursuant to 29 U.S.C. §§ 1002(21)(A) because each exercised discretionary authority to appoint and/or monitor the Administrative Committee, which had control over Plan management and/or authority or control over management or disposition of Plan assets. *Id.* ¶ 11. The Administrative Committee is responsible for the general administration of the Plan and is a fiduciary under ERISA pursuant to 29 U.S.C. §§ 1002 and 1102. *Id.* ¶ 12.

The Plan is a participant-directed defined contribution plan, meaning participants direct the investment of their contributions into various investment options offered by the Plan. *Id.* ¶ 18. Each participant's account is credited with their participant contributions, applicable employer matching contributions, any discretionary

contributions, and earnings or losses thereon. *Id*. The investment options made available to Plan participants include various mutual funds, collective trust funds and the Wintrust Financial Corporation Common Stock Fund. *Id*. During the Class Period, Plan assets were held in a trust by the Plan's trustee, John Hancock Trust Company LLC. *Id.* ¶ 22.

A target date fund ("TDF") is an investment vehicle that offers an all-in-one retirement solution through a portfolio of underlying funds that gradually shifts to become more conservative as the assumed target retirement year approaches. *Id.* ¶ 23. Among other investments, the Plan lineup has, since at least December 31, 2018, offered the BlackRock LifePath Index Funds ("BlackRock TDFs"), a suite of ten TDFs. *Id.* ¶ 28. Plaintiff claims that "BlackRock TDFs are significantly worse performing than many of the mutual fund alternatives offered by TDF providers and, throughout the Class Period, could not have supported an expectation by prudent fiduciaries that their retention in the Plan was justifiable." *Id*. According to Plaintiff, "any objective evaluation of the BlackRock TDFs would have resulted in the selection of a more consistent, better performing, and more appropriate TDF suite." *Id.* ¶ 30.

Plaintiff brings a three-count complaint against Defendant under ERISA.[1] Count I alleges breach of fiduciary duty; Count II alleges failure to monitor fiduciaries and

---

[1] In January 2023, the parties filed a joint stipulation, effective July 29, 2022, dismissing as defendants the Board of Directors of Wintrust Financial Corp. (the "Board") and the Administrative Committee of the Plan ("the Committee"). [60, 61]. Occasionally this opinion refers to "defendants" plural simply because the briefing is framed that way, however only Wintrust remains as a defendant in the case.

3

co-fiduciary breaches; and Count III alleges, in the alternative, that Defendant is liable for knowing breach of trust. Defendant moved to dismiss all claims against it.

## II. Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Finally, where a defendant asserts a facial challenge to subject matter jurisdiction and moves to dismiss for lack of standing pursuant to Rule 12(b)(1), the Court applies *Twombly-Iqbal's* "'plausibility' requirement." *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). In assessing whether a plaintiff has established standing, the Court accepts as true "all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor." *Bria Health Servs., LLC v. Eagleson*, 950 F.3d 378, 381–82 (7th Cir. 2020).

### III.    Analysis

According to Plaintiff, her "central claim is that Defendants breached their fiduciary duties by failing to appropriately monitor the BlackRock TDFs, resulting in the imprudent retention of the funds in the Plan throughout the Class Period." [56 at 16]. She alleges that Defendants "severely breached their fiduciary duties of prudence and loyalty to the Plan." (Am. Compl. ¶ 27). Defendants argue that Plaintiff's broad underperformance allegations do not permit an inference that Defendants had a flawed fiduciary process required to state a claim under ERISA. Specifically, they contend that: (1) Plaintiff failed to provide a "sound basis for comparison" to allege that the BlackRock TDFs' performance made them an imprudent investment option; (2) her allegations that the BlackRock TDFs underperformed are insufficient; (3) Plaintiff's derivative and alternative claims cannot survive because she has not

5

plausibly alleged any underlying breach of fiduciary duty; and (4) her claims for injunctive relief should be dismissed for lack of standing.

### A. ERISA's Duties of Prudence and Loyalty

ERISA "provides a variety of remedies to ensure that employees receive benefits they earned through employer-provided benefit plans." *Albert v. Oshkosh Corp.*, 47 F.4th 570, 574 (7th Cir. 2022), reh'g denied, No. 21-2789, 2022 WL 4372363 (7th Cir. Sept. 21, 2022). The duty of prudence requires ERISA fiduciaries to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). This duty includes the "duty to monitor all plan investments and remove any imprudent ones." *Hughes v. Northwestern Univ.*, 142 S. Ct. 737, 740 (2022).

The duty of loyalty requires a plan fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). It requires "allegations that [defendant] engaged in self-dealing at the expense of the Plan." *Albert*, 47 F.4th at 574.

### B. Plaintiff's Claim for Breach of Duty of Prudence

Plaintiff alleges that Defendants "selected, retained, and/or otherwise ratified poorly-performing investments instead of offering more prudent alternative investments that were readily available at the time Defendants selected and retained the funds at issue and throughout the Class Period." (Am. Compl. ¶ 6). She claims that "BlackRock TDFs are significantly worse performing than many of the mutual

fund alternatives offered by TDF providers." *Id*. ¶ 28. Under ERISA, to state a breach of the duty of prudence, "a plaintiff must plead (1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary duty; and (3) that the breach resulted in harm to the plaintiff." *Albert*, 47 F.4th at 579. The parties dispute whether Plaintiff has sufficiently alleged that Defendants breached their fiduciary duty.

In *Hughes*, the Supreme Court stressed that in evaluating a breach of fiduciary duty claim, a court must engage in a "context-specific inquiry." *Hughes*, 142 S. Ct. at 740. The Supreme Court also explained that the duty includes "the duty to monitor all plan investments and remove any imprudent ones." *Id.* (citing *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015)). At the same time, the Court acknowledged that "the circumstances facing an ERISA fiduciary will implicate difficult tradeoffs, and courts must give due regard to the range of reasonable judgments a fiduciary may make based on her experience and expertise." *Id*. at 742.

In alleging breach of fiduciary duty, a plaintiff "must plausibly allege fiduciary decisions outside a range of reasonableness." *Hughes v. Nw. Univ.*, 63 F.4th 615, 630 (7th Cir. 2023). The complaint "cannot simply make a bare allegation that costs are too high, or returns are too low….Rather, it 'must provide a sound basis for comparison—a meaningful benchmark." *Albert*, 47 F.4th at 581 (quoting *Davis v. Washington Univ. in St. Louis*, 960 F.3d 478, 484 (8th Cir. 2020).[2]

---

[2] In *Davis*, the Eighth Circuit explained that for "an investment-by-investment challenge", although there is "no one-size-fits-all approach," a "combination of a market index and other shares of the *same* fund" can meet the requirement. 960 F.3d at 484.

7

The Court agrees with Plaintiff that this case is different from *Albert* in that the Seventh Circuit in *Albert* found that plaintiff's broad allegation that defendants "failed to consider materially similar and less expensive alternatives to the Plan's investment options" was insufficient to state a claim. *Id.* at 582. Here, Plaintiff offers four comparators. She says these comparators demonstrate that Defendants imprudently retained BlackRock TDFs in the Plan. However, Plaintiff concedes that of her comparators, two are actively-managed (the American Funds and the T. Rowe Price TDFs), whereas BlackRock TDFs are passively-managed. And the two others, Fidelity Freedom Index and Vanguard TDFs use a "through retirement" strategy whereas BlackRock TDFs are "to retirement" funds. [56 at 15, 24]. Plaintiff argues that the question of comparators should not be resolved on a motion to dismiss. But at the pleading stage, Plaintiff still must provide "a sound basis for comparison—a meaningful benchmark." *Albert*, 47 F.4th at 581 (quoting *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822 (8th Cir. 2018)); *Coyer v. Univar Sols. USA Inc.*, No. 1:22 CV 0362, 2022 WL 4534791, at *6 (N.D. Ill. Sept. 28, 2022) (finding at the pleading stage that plaintiffs improperly relied on a "comparison between index funds and actively managed funds, which is an 'apples-to-oranges' comparison."). Plaintiff does not cite binding case law that her comparators, which she concedes are different from BlackRock TDFs, provide "a meaningful benchmark."

Indeed "'underperformance' is not imprudence, given that prudence is evaluated as part of a prudent, whole-portfolio, investment strategy." *Coyer,* 2022 WL 4534791, at *6. For that reason courts do not "infer imprudence every time a fiduciary retains

8

a fund that fails to turn in best-in-class performance for any specific period." *Id.* (citing *Meiners,* 898 F.3d at 823); *see also Hughes*, 63 F.4th at 626 (generally plans may "offer a wide range of investment options and fees without breaching any fiduciary duty."). Rather a plaintiff must provide a "sound basis for comparison," (*Albert*, 47 F.4th at 581), keeping in mind that ERISA does not require fiduciaries "to act as personal investment advisers to plan participants." *Id.* at 578 (citation omitted). In other words, "the ultimate outcome of an investment is not proof of imprudence." *Divane v. Nw. Univ.*, 953 F.3d 980, 992 (7th Cir. 2020), vacated and remanded on other grounds sub nom. *Hughes*, 142 S. Ct. 737.

The case law relied on by Plaintiff is not persuasive. *George v. Kraft Foods Global*, Inc., 641 F.3d 786 (7th Cir. 2011) and *Armstrong v. LaSalle Bank N.A.*, 446 F.3d 728 (7th Cir. 2006) were decided on summary judgment and pre-date recent decisions by the Supreme Court and Seventh Circuit regarding ERISA pleading requirements.[3] By contrast Defendants' supplemental authority [64, 65, 69-1, 70-1], although outside of this Circuit, shows the recent weight of authority supports Defendants' position. *See Anderson v. Advance Publications, Inc.*, No. 22 CIV. 6826 (AT), 2023 WL 3976411, at *3 (S.D.N.Y. June 13, 2023) ("Allegations the [BlackRock TDFs underperformed were] insufficient to support Plaintiff's cause of action for breach of the duty of

---

[3] In addition, in *Miller v. Astellas US LLC*, 2021 WL 1387948 (N.D. Ill. Apr. 13, 2021), an ERISA case, defendant's objection to the comparators was problematic in part because defendant relied "heavily on exhibits that are outside the pleadings and have been excluded from consideration." *Id.* at *5. By contrast here, Plaintiff concedes the differences Defendants point out regarding actively- versus passively-managed funds and "to retirement" versus "through retirement" funds. The other case law relied on by Plaintiff, from outside this Circuit or other district court opinions, is not binding on this Court. [56 at 20–22].

prudence."); *Beldock v. Microsoft Corp.*, No. C22-1082JLR, 2023 WL 3058016, at *3 (W.D. Wash. Apr. 24, 2023) ("courts across the country have rejected claims for breach of the fiduciary duty of prudence under ERISA where the plaintiffs allege nothing more than underperformance relative to other investment vehicles.").

In sum, as pled, Plaintiff's comparators do not provide a sound basis for comparison in order to state an imprudence claim. Plaintiff does not otherwise make allegations giving rise to an inference that Defendants had an imprudent process or breached their fiduciary duty. *Cf. Hughes*, 63 F.4th at 631 (claim that defendant failed to monitor and control unreasonable recordkeeping fees survived dismissal).[4] Considering the context of this case and taking Plaintiff's well-pled allegations as true, the complaint fails "to take a claim of fiduciary duty violation from the realm of 'possibility' to 'plausibility.'" *Hughes*, 63 F.4th at 628. Thus this claim is dismissed.

### C. Plaintiff's Claims for Breach of Duty of Loyalty and other Claims

The duty of loyalty "protects beneficiaries by barring any conflict of interest that might put the fiduciary in a position to engage in self-serving behavior at the expense of beneficiaries." *Halperin v. Richards*, 7 F.4th 534, 546 (7th Cir. 2021). Defendants argue that Plaintiff's claim that Defendants breached their duty of loyalty is based on the same allegations underlying her imprudence claims, and this is insufficient in the face of the motion to dismiss. In Plaintiff's view, "discovery of shared facts would resolve both claims" [56 at 29]. But the Court has dismissed the breach of fiduciary

---

[4] In contrast to some unreasonable-fees cases, Plaintiff alleges in her complaint that "Defendants appear to have chased the *low* fees charged by the BlackRock TDFs without any consideration of their ability to generate return." (Am. Compl. ¶ 30, emphasis added).

10

duty. And as Defendants point out, the complaint does not contain allegations of self-serving behavior at the expense of the Plan, and Plaintiff does not point to any in her response brief. [56 at 29]. The breach of duty of loyalty claim is therefore dismissed as well.

Defendants also argue the Court should dismiss the derivative and alternative claims in Count II for breach of the duty to monitor and co-fiduciary liability, and in Count III for knowing breach of trust. [35 at 27]. The Court agrees. *See Albert*, 47 F.4th at 583 (plaintiff conceded "that his duty to monitor claims rise or fall with his duty of prudence and duty of loyalty claims," and finding those claims failed along with the fiduciary duty claims).

### D. Other Issues

Defendants argue that because Plaintiff "is a former participant in the Plan" (Am. Compl. ¶ 9), she does not have standing to seek injunctive relief. A plaintiff "must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). In *Coyer* the court explained that former plan participants lacked standing "to seek prospective injunctive relief because they have not alleged a real or immediate threat of future injury based on defendants' conduct." *Coyer*, 2022 WL 4534791. This approach does not appear universal, however, as Plaintiff argues. *See Cutrone v. Allstate Corp.*, No. 20 CV 6463, 2021 WL 4439415, at *9 (N.D. Ill. Sept. 28, 2021) (finding former ERISA plan participants had standing); *Laurent v. PricewaterhouseCoopers LLP*, 565 F. Supp. 3d 543, 549 (S.D.N.Y. 2021) (plaintiff had standing where class was composed

11

exclusively of former Plan participants). Because the Court is dismissing all of Plaintiff's claims, it need not resolve this issue. It notes however that if Plaintiff chooses to amend her complaint and proceed she should be sure there is a good faith basis for doing so.

Wintrust next argues that Plaintiff has not plausibly alleged it acted as fiduciary regarding the acts challenged in the complaint. In an ERISA case a defendant must have been acting as a fiduciary when committing the conduct at issue. *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). The Court finds Plaintiff sufficiently alleged Wintrust is a fiduciary at this stage and agrees with Plaintiff that generally this a fact-intensive inquiry. *See George v. Kraft Foods Global, Inc.*, 674 F. Supp. 2d 1031, 1050 (N.D. Ill. 2009). However, in light of this Court's ruling, this issue is not dispositive, and the Court need not address the arguments about whether the other now-dismissed defendants were fiduciaries. *See* [60], [61], [64, n. 1].

Finally, *amici* American Benefits Council, the ERISA Industry Committee, American Retirement Association, and Committee on Investment of Employee Benefit Assets Inc. submitted a brief in support of the Defendants. [43]. The Chamber of Commerce of the United States of American also moved for leave to file a brief as amicus curiae in support of Defendants. [48]. Federal courts have discretion to permit amicus curiae briefs. *See Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). The Court in its discretion grants those motions. Although the Court appreciates the information, perspective and context provided by amici parties, it did not rely on those briefs to resolve the pending motion to dismiss.

### E. Leave to Amend

Defendants seek dismissal of the complaint in its entirety with prejudice. Plaintiff requests leave to amend her complaint. [56 at 33]. She states that she "stands ready to add further allegations regarding the defects in Defendants' fiduciary processes should the Court require amplification of Plaintiff's claims." *Id*. n. 7. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." In light of that standard and the fact that this case involves an evolving and nuanced area of law, the Court will permit Plaintiff to re-plead.

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' motion to dismiss [34]. Amicus parties' motion for leave to file amicus briefs [42, 48] are granted. Plaintiff has until August 2, 2023 to amend, otherwise this case will be dismissed with prejudice and terminated.

E N T E R:

Dated: July 14, 2023

MARY M. ROWLAND
United States District Judge